LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Metall und Rohstoff
Shipping (and Holdings) B.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
METALL UND ROHSTOFF SHIPPING (AND :
HOLDINGS) B.V.,

                Plaintiff,

-against-                                                **VERIFIED COMPLAINT**

FERLAND AND CO LTD.,

                Defendant.
------------------------------------------------------------x

      Plaintiff, METALL UND ROHSTOFF SHIPPING (AND HOLDINGS) B.V., by its Attorneys, Law Offices of Simon Harter, Esq., as and for its Verified Complaint against the named Defendant, FERLAND AND CO LTD., alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Finally, this Court also has jurisdiction over this matter because this action also arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2. At all times relevant hereto, Plaintiff was and still is a foreign business entity organized and existing under the laws of The Netherlands with a registered office at World Trade Centre Tower H, Zuidplein 164, 1077 XV Amsterdam, The Netherlands.

3. At all times relevant hereto, Defendant was and still is a foreign business entity organized and existing under the laws of Cyprus, with a registered office at 29A, Annis Komninis, Nicosia 1520, Cyprus.

4. On or about November 9, 2007, Plaintiff, in the capacity as owner, entered into a maritime contract of charter party, written on an amended GENCON form, with Defendant, under which Plaintiff agreed to let and Defendant agreed to charter the Motor Vessel MATADI BRIDGE for a voyage charter trip from Abidjan, Ivory Coast to Poti, Georgia.

5. A copy of the contract is attached hereto as Exhibit "A" and incorporated by reference herein.

6. Plaintiff delivered to Defendant the aforementioned vessel under the terms of the contract which was conforming in all respects to the conditions specified in the charter.

7. Pursuant to the terms and conditions of the charter party, Defendant was obligated to pay Plaintiff the sum of US Seventeen Thousand Dollars (US $17,000.00) per day or pro rata for any demurrage incurred.

8. Pursuant to Additional Clause 25 of the charter party, demurrage was to be paid within five banking days once discharge operations were complete and upon Plaintiff's submission of laytime calculations to Defendant.

9. Defendant incurred demurrage charges at the load port totaling US Nine Hundred Fifty-Five Thousand Nine Hundred Six Dollars and 60 Cents (US $955,906.60).

10. Discharge was completed on February 13, 2008. On February 15, 2008, Plaintiff issued a demand letter, along with the laytime calculations, to Defendant representing the total amount due Plaintiff. A copy of Plaintiff's demand letter is attached hereto as Exhibit "B" and incorporated by reference herein.

11. Despite demand for payment, Defendant has failed to make payment of the demurrage charges.

12. As a consequence of the foregoing, Defendant is in breach of the contract of charter party, which breach has resulted in Plaintiff suffering damages in the amount due and owing.

13. The charter party provides, in Additional Clause 40, that any disputes arising thereunder shall be submitted to arbitration in London, England and according to English law.

14. Plaintiff specifically reserves the right to arbitrate the substantive matters in dispute pursuant to the aforementioned arbitration provision.

15. In addition to an attachment in the full amount of the claim as outlined above, Plaintiff also seeks attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

16. Because of the amounts involved and the likelihood of an oral hearing, Plaintiff estimates that it will take approximately two years before an arbitration award is likely to be rendered on the instant action.

17. Given this time frame, Plaintiff seeks to attach funds sufficient to cover its anticipated claim of interest during the aforementioned period in the estimated amount of US $120,599.49, which is calculated at a rate of six percent, compounded quarterly, for two years.

18. Plaintiff also seeks to attach funds sufficient to cover its anticipated legal fees and costs, the recoverable portion of which is presently estimated at US $98,390.00.

19. Based upon the foregoing, the sum total sought to be attached in this action is US $1,174,896.09, consisting of Plaintiff's principal claim of US $955,906.60, interest of US $120,599.49 and recoverable legal fees and costs of US $98,390.00.

20. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information and belief, that Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of, belonging to, due, claimed by or being held by or for the benefit of Defendant (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd.; Bank of China, and/or others.

21. Plaintiff, for its part, has satisfied all of its obligations under the terms of the charter party.

**WHEREFORE**, Plaintiff, METALL UND ROHSTOFF SHIPPING (AND HOLDINGS) B.V., prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant, FERLAND AND CO LTD., citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim, plus interest, costs and reasonable attorneys' fees;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of US $1,174,896.09, may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America, The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC, UBS A.G., Credit Suisse, Nordea Bank Finland PLC, Fortis Financial Services LLC, ABN-AMRO Bank N.V., American Express Bank Ltd., Bank of China, and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d. For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:   February 25, 2008

                             **LAW OFFICES OF SIMON HARTER, ESQ.**
                             Attorneys for Plaintiff,
                             METALL UND ROHSTOFF SHIPPING (AND HOLDINGS) B.V.

By: _/s/ Simon Harter_
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 (Phone)
(212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

SIMON HARTER verifies the following pursuant to 28 U.S.C. §1746:

1. I am a member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff, METALL UND ROHSTOFF SHIPPING (AND HOLDINGS) B.V., in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and/or its duly authorized agents.

3. The reason this Verification is made by an attorney and not the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 25th day of February, 2008.

Simon Harter (SH-8540)
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 - Fax

- 6 -